1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FREDRICK LUDWIG,

Petitioner,

v.

ISIDRIO BACA, et al.,

Respondents.

Case No. 3:13-cv-00070-MMD-VPC

ORDER

14    This habeas matter comes before the Court for initial review under Rule 4 of the

15  Rules Governing Section 2254 Cases.  The filing fee has been paid.

16    Following review, it appears that the petition is subject to dismissal with prejudice

17  as time-barred for failure to file the petition within the one-year limitation period in 28

18  U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition

19  should not be dismissed as time-barred.

20  I.    BACKGROUND

21    Petitioner Fredrick Ludwig challenges his 2006 Nevada state conviction,

22  pursuant to a guilty plea, of lewdness with a child under fourteen.

23    The papers presented together with the online docket records of the state courts

24  reflect the following procedural history.

25    The judgment of conviction was filed on May 26, 2006. No direct appeal was

26  filed, and the time period for filing a notice of appeal expired on or about June 26, 2006.

27  Nearly three (3) years later, Ludwig filed a state post-conviction petition on March 17,

28  2009. The state district court dismissed the petition as untimely, and the state supreme

1  court affirmed in a March 10, 2010, order. Nearly two (2) years later, petitioner filed a

2  second state post-conviction petition on February 1, 2012. The state district court

3  dismissed the second petition as untimely, and the state supreme court affirmed in a

4  January 16, 2013, order.

5      On or about February 6, 2013, petitioner mailed the federal petition to the Clerk

6  of this Court for filing.

7  **II.    DISCUSSION**

8      Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte*

9  raises the question of whether the petition is time-barred for failure to file the petition

10  within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

11     Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless

12  otherwise tolled or subject to delayed accrual, begins running after "the date on which

13  the judgment became final by the conclusion of direct review or the expiration of the

14  time for seeking such direct review." In the present case, the limitation period therefore

15  began running after the time period expired for filing a direct appeal, *i.e.*, after June 26,

16  2006.  Absent tolling or delayed accrual, the one-year limitation period expired on June

17  26, 2007.

18     Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled

19  during the pendency of a properly filed application for state post-conviction relief or for

20  other state collateral review.  However, it does not appear that, absent other tolling or

21  delayed accrual, petitioner's two (2) untimely state petitions would render his federal

22  petition timely, for two reasons. First, absent other tolling or delayed accrual, the federal

23  limitation period already had expired long before the two (2) untimely state petitions

24  were filed. Second, an untimely state petition is not properly filed for purposes of

25  statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

26     Accordingly, absent other tolling or delayed accrual, the federal limitation period

27  expired on June 26, 2007. The federal petition was not mailed for filing until on or about

28

1    February 6, 2013, nearly six (6) years after the federal limitation period had expired,

2    absent other tolling or delayed accrual. The petition thus is untimely on its face.

3         Petitioner therefore must show cause in writing why the petition should not be

4    dismissed with prejudice as time-barred.

5         In this regard, petitioner is informed that the one-year limitation period may be

6    equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1)

7    he has been pursuing his rights diligently, and (2) some extraordinary circumstance

8    stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010).

9    Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107

10   (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest

11   the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th

12   Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The

13   petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d

14   at 1065. He accordingly must demonstrate a causal relationship between the

15   extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345

16   F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d

17   1056, 1061 (9th Cir. 2007).

18        Petitioner also is informed that, under certain circumstances, the one-year

19   limitation period may begin running on a later date or may be statutorily tolled. *See* 28

20   U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

21        Moreover, if petitioner seeks to avoid application of the time-bar based upon a

22   claim of actual innocence, he must come forward with new reliable evidence tending to

23   establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would

24   have found him guilty beyond a reasonable doubt, as to all of the charges pending

25   against him in the case prior to the plea. *See McQuiggin v. Perkins*, 133 S.Ct. 1924

26   (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614

27   (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

28   ///

3

1

**III.    CONCLUSION**

2          It is therefore ordered that, within thirty (30) days of entry of this order, petitioner

3    shall show cause in writing why the petition should not be dismissed with prejudice as

4    time-barred. If petitioner does not timely respond to this order, the petition will be

5    dismissed with prejudice as time-barred without further advance notice. If petitioner

6    responds but fails to show — with specific, detailed and competent evidence — that the

7    petition is timely, the action will be dismissed with prejudice.

8          It is further ordered that all assertions of fact made by petitioner in response to

9    this show-cause order must be detailed, must be specific as to time and place, and

10   must be supported by competent evidence. The Court will not consider any assertions

11   of fact that are not specific as to time and place, that are not made pursuant to a

12   declaration under penalty of perjury based upon personal knowledge, and/or that are

13   not supported by competent evidence filed by petitioner in the federal record. Petitioner

14   thus must attach copies of all materials upon which he bases his argument that the

15   petition should not be dismissed as untimely. Unsupported assertions of fact — including

16   assertions of fact regarding alleged actual innocence that are not supported by

17   competent evidence — will be disregarded.

18         It is further ordered that this order does not signify by omission that either the

19   petition or the claims therein otherwise are free of deficiencies, as the Court defers

20   consideration of any other deficiencies in the papers presented until after assessing the

21   timeliness issue in the first instance.[1]

22         DATED THIS 5th day of December 2013.

23

24
                                                    _____
25                                                  MIRANDA M. DU
                                                    UNITED STATES DISTRICT JUDGE
26   _____

27         [1]Petitioner submitted, *inter alia*, a form motion for appointment of counsel that
     currently is behind the petition in the record.  The Court does not find at this point that
     the interests of justice require the appointment of counsel during the show-cause
28   inquiry.